## LOFTLAND'S LESSEE v. BLOXSUM.

Court of Common Pleas. Sussex. November, 1793.

*Miller's Notebook, 24.**

---

* This case is also reported in *Bayard's Notebook, 17*, where the plaintiff's lessor's name is spelled "Lofland."

*Peery* and *Miller,* for plaintiff, objected to these papers going in evidence to the jury. They contended that as to the indorsement, it could not be considered as evidence, as it stated a full and complete return of the warrant to have been previously made, to which it had reference. This then is certainly inchoate and imperfect in itself; and this makes it necessary to produce the legal, regular return. As to both papers, it is to be observed that they are not regularly authenticated. If return has been made to the proper office of the surveyor, this warrant, why not produce an office copy? This would be the best evidence and therefore legal. If such were produced, it might essentially vary from the papers now offered. These may be one of many drafts, made by the deputy surveyor, for experiment and calculation, previous to the proper return and materially different from it. It could not be our duty to procure an office copy to compare with it, as we did not know this would be produced. But if anything other than regularly authenticated office copies should be admitted, it should be nothing less than the surveyor's book. By an Act of Assembly, 1 Del.Laws 251, it is enacted "that the deputy surveyors shall in fair books record the warrants, and

shall duly prove the draughts and plots and then record them." So that by this Act, nothing but the books are to be considered as evidence, and any draft or plot can be of no avail under the Act, until it be recorded.

*Bayard* and *Wilson,* for defendants, insisted the papers were proper evidence; that the practice in the courts of Delaware and Pennsylvania had been uniformly to admit such evidence, Dall. 7; that the particular situation of this country, and this state's being so long without a land office, made it necessary to admit anything which could throw light upon an inquiry into a confused mass of title papers. That Rhoads Shankland, the successor of the person who made the survey and who has in his possession all the papers belonging to the office, proves this paper to be genuine and authentic, and that an exact copy was transmitted to Philadelphia to be lodged in the Land Office. That evidence should be admitted indulgently to support such long continued possession. The indorsement appearing also on what may be called an original, as it is a printed warrant sent to the surveyor, entitles it to additional credit.

BASSETT, C. J. Unless such papers as those which are now offered were admitted as evidence in the trial of ejectments, there could be few recoveries, and great injustice would be the consequence. Warrants are frequently sent a great distance through different hands before they reach the hands of the county surveyor. Returns go through the same dangers sometimes, before they arrive at the Land Office, the place of their destination. Both are not very seldom lost on the way; and we must repair that loss by an indulgent admission of anything which can enlighten the inquiry.

The unanimous opinion of the Court is that the papers be read to the jury.